1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT

9

FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11 | SANZ INDUSTRIAL SERVICES, INC.,

Case No.  1:24-cv-00653-KES-CDB

12 |              Plaintiff,

ORDER SETTING SETTLEMENT
CONFERENCE

13 |      v.

14 | GENERAL MOTORS LLC,

**Settlement Statements due:  October 8, 2025**
**Settlement Conference: October 15, 2025, at**
**10:00 AM**

15 |              Defendant.

16

17 |          At the parties' joint request (*see* Doc. 17), Magistrate Judge Christopher D. Baker will hold

18 | a settlement conference on **October 15, 2025, at 10:00 a.m.**  Unless the parties request the

19 | conference to be in-person, the Court will conduct the settlement conference via video conference.

20 | The Zoom settlement conference invitation will be distributed by the Court to the parties the week

21 | prior to the conference date.[1]  The Court has reserved the entire day for this settlement conference

22 | and expects the parties will proceed with the settlement conference in good faith and attempt to

23 | resolve all or part of the case.  If any party believes that the settlement conference will not be

24 | productive, that party shall so inform the court no less than three (3) days in advance of the

25 | settlement conference.

26

27

28

---

[1] Any difficulties concerning Zoom video conference, or connecting to the Zoom video conference, shall immediately be reported to Cori Boren, Courtroom Deputy for Judge Baker, at CBoren@caed.uscourts.gov.

Unless otherwise permitted in advance by the Court, the following individuals must attend the settlement conference: (1) all of the attorney(s) who will try the case; and (2) individuals with full authority to negotiate and settle the case, on any terms, including, where insurance coverage is at issue, a representative of the relevant insurance carrier(s).  *See* Local Rule 270(f).

The parties shall engage in <u>informal</u> settlement negotiations as follows:

(a) No later than **September 3, 2025,** Plaintiff shall submit to Defendant, by mail or email, a written itemization of damages and a meaningful settlement demand, including a brief explanation of why such settlement is appropriate, which shall not exceed five (5) pages.

(b) No later than **September 17, 2025**, Defendant shall respond, by mail or email, with an acceptance of Plaintiff's offer or a meaningful counteroffer, including a brief explanation of why such settlement is appropriate.  If settlement is achieved, the parties shall file a Notice of Settlement as required by Local Rule 160.

If the matter is not settled through the parties' informal discussions, **no later than October 8, 2025**, each party must submit to Judge Baker's chambers at CDBorders@caed.uscourts.gov a confidential settlement conference statement.  These statements should neither be filed on the docket nor served on any other party.

In compliance with Local Rule 270(d)-(e), the settlement statements will be used exclusively by Judge Baker to prepare for and conduct the settlement conference and not for any other purpose.  If applicable, the statements should be marked "CONFIDENTIAL."  *See* Local Rule 270(d).

The statements should not exceed ten (10) pages and must include:

(1) a brief recitation of the facts;

(2) a discussion of the strengths and weaknesses of the case, including the party's position on the factual and legal issues and brief review of the evidence to support that party's factual position;

(3) an itemized estimate of the expected costs for further discovery, pretrial, and trial matters, in specific dollar terms;

(4) the party's best estimate of the probability that it will prevail should this case proceed

1 to trial;

2 (5) the party's best estimate of the damages or relief plaintiff may recover should this case

3 proceed to trial and plaintiff prevail (in specific dollar terms and/or injunctive relief, if applicable);

4 (6) a history of settlement discussions (including a listing of any current settlement offers

5 from any party, in specific dollar terms), a candid statement of the party's current position on

6 settlement, including **the amount that it will give/accept to settle** (in specific dollar terms), and a

7 statement of the party's expectations for settlement discussions;

8 (7) a list of the individuals who will be attending the settlement on the party's behalf,

9 including names and, if appropriate, titles.

10 At the outset of the settlement conference, the undersigned may call upon the parties'

11 counsel and the party representatives to briefly discuss their expectations for the conference and

12 other matters of mutual interest before the parties break into separate caucuses.

13 Notwithstanding the provisions of Federal Rule of Evidence 408, all statements made by

14 the parties relating to the substance or merits of the case, whether written or oral, made for the first

15 time during the settlement conference will be deemed to be confidential and shall not be admissible

16 in evidence for any reason in the trial of the case, should the case not settle. This provision does

17 not preclude admissibility in other contexts, such as pertaining to a motion for sanctions regarding

18 the settlement conference.

19 IT IS SO ORDERED.

20 Dated: **August 4, 2025**  _____

21 UNITED STATES MAGISTRATE JUDGE

22

23

24

25

26

27

28

3